UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DELTA LIMITED, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. CUSTOMS AND BORDER )<br>PROTECTION BUREAU )<br>)<br>Defendant. )<br>_____) | Civil No. 04-2106 (RCL) |

### MEMORANDUM OPINION

This matter comes before the Court on defendant's Motion [20] for Reconsideration of this Court's Order of July 26, 2005. Defendant United States Customs and Border Protection Bureau ("CBP") brings this motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Previously, this Court rejected defendant's attempt to withhold information which relied solely upon Exemption 4 of the Freedom of Information Act ("FOIA"). In rejecting the Exemption 4 claim, this Court indicated that defendant had not met its burden of showing that release of the information would create a likelihood of substantial harm. Defendant now returns to this Court with previously omitted evidence. While this Court is reluctant to grant reconsideration for the government's failure to follow standard litigation practice, in order to prevent manifest injustice to innocent third parties, the Court grants in part and denies in part defendant's motion for reconsideration and orders that the voluntarily submitted commercial information may be withheld pursuant to Exemption 4.

### BACKGROUND

As set out in this Court's Memorandum Opinion of July 26, 2005, plaintiff Delta Limited

("Delta") filed a request with CBP, seeking all information relied upon by CBP for the seizure in Customs Case Nos. 2003-2704-000603 and 2003-2704-000768. After an unsatisfactory administrative decision, Delta filed the present suit on December 3, 2004 seeking the remaining undisclosed documents.

On summary judgment, the Court upheld the invocation of all FOIA exemptions except those withheld solely under Exemption 4 because CBP had failed to meet its burden. CBP asserted that it had obtained the commercial information involuntarily. Accordingly, the Court applied the test announced in Nat'l Parks & Conservation Ass'n v. Morton, 498 F.2d 765, 770 (D.C. Cir. 1974) and decided that CBP had failed to prove the likelihood of substantial injury to the competitive position of the person who submitted the information. Rejecting CBP's claim of categorical exemption, the Court advised that this exemption requires specific examples as to how and to whom substantial harm would be likely.

CBP moves that this Court reconsider the previous ruling and argues that it now has specific information, specifically a declaration from Cary Silahian VP for Texas International Gas & Oil ("Texas International") that shows a likelihood of substantial harm to the competitive position of Texas International, successor-in-interest to the party from whom the information was obtained. CBP states that it erroneously asserted that all the information was involuntary as some of the submitted information was voluntary and is governed by the more lenient test set out in Critical Mass Energy Project v. Nuclear Regulatory Comm'n, 975 F.2d 871, 879 (D.C. Cir. 1992).

## ANALYSIS

A.     **Rule 59(e)**

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, a court may grant a motion for reconsideration when there is an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996). While the courts have not defined "manifest injustice," Oneida Indian Nation of NY v. County of Oneida, 214 F.R.D. 83, 98 (N.D.N.Y. 2003), it seems clear that injury to innocent third parties would fall beneath the "manifest injustice" umbrella. See Changzhou Laosan Group v. CBP, 374 F.Supp.2d 129, 132 (D.D.C. 2005) (granting motion to reconsider in a case substantially similar to the present matter); Computer Prof'ls for Social Responsibility v. U.S. Secret Service, 72 F.3d 897, 903 (D.C. Cir. 1996) (granting relief from judgment where privacy interests of third parties would have been harmed). Rule 59(e) motions are not granted if the court suspects the losing party is using the motion to reargue the same theory or to assert new arguments that could have been raised prior to final judgment. Taylor v. DOJ, 268 F.Supp.2d 34, 35 (D.D.C. 2003) (citing Kattan v. District of Columbia, 995 F.2d 274, 276 (D.C. Cir. 1993).

It is with great reluctance that the Court grants the current motion. Standard litigation practice dictates that parties come before the court with the entire arsenal of arguments. A party should not be able to get two bites at the apple, particularly when the evidence that forms the basis for this motion was readily available when this issue was originally being litigated. What is most galling is that CBP treats this issue nonchalantly and does not recognize and acknowledge the seriousness of the omission. CBP is putting third parties at risk by failing to follow common litigation practices, let alone CBP's own regulations, which require it to contact the party who submitted the information. Moreover, it seems that CBP had a similar declaration from Cary

Silahian as early as May 5, 2005 in the Changzhou Laosan Group FOIA litigation. Assuming that one hand knows what the other is doing, a cautious and perceptive attorney would have moved to supplement the record with this information. However, since there is no clear evidence of bad faith and a third party's commercial interests would be significantly affected by the release of the voluntarily submitted information, the Court will reluctantly grant the motion to reconsider.

      B.    **Voluntarily Submitted Information**

Exemption 4 protects "trade secrets and commercial or financial information obtained from a person and is privileged or confidential." 5 U.S.C. § 552(b)(4). Voluntarily submitted commercial and financial information may be withheld to protect the government's "continuing availability to secure such data on a cooperative basis" and to protect the interests of the person who submitted the information. Critical Mass, 975 F.2d at 879. Such information is protected when "it is of a kind that would customarily not be released to the public by the person from whom it was obtained." Id.

The predecessor-in-interest to Texas International voluntarily submitted some of the information in question during a CBP investigation of a smuggling scheme involving the company's IRS number. Along with the IRS number, these documents contain other commercial information about the company's business relationships.[1] Information such as an IRS number is of the type that would not be normally provided to the public at large. Silahian Decl. ¶ 6. Since CBP has a strong interest in maintaining the continuing availability of information relating to smuggling schemes and Texas International normally would not provide this information to the

---

[1] Document Nos. 012, 013, 016, 017, 024, 025, 026, 027, 028, 029, 030.

public at large, Exemption 4 permits CBP to withhold this information

### C. Involuntarily Submitted Documents

Involuntarily submitted information may be withheld if disclosure is likely to (1) impair the government's ability to obtain necessary information in the future; or (2) cause substantial harm to the competitive position of the person from whom the information was obtained. Nat'l Parks, 498 F.2d at 770. CBP has the burden of showing that substantial harm by its release would be likely. Id. CBP seeks to withhold the remaining documents, claiming such a release would likely cause substantial harm to the competitive position of Texas International.[2] Silahian Decl. ¶ 6; Stump 3rd Suppl. Decl. ¶¶ 9, 11. Nonetheless, the government still has failed to meet its burden. As the Court explained in the Memorandum Opinion of July 26, 2005, the defendant must "outlin[e] how and why the release of [the information] would likely result in competitive harm." Inter Ocean Free Zone, Inc. v. U.S. Customs Service, 982 F.Supp. 867, 870 (S.D. Fl. 1981).

Much of the information in the Silahian Declaration, dealt with the fraudulent use of the company's IRS number. The Court would readily protect sensitive commercial information, such as an IRS number, as it has already been fraudulently used in a smuggling scheme. However, none of the documents in question contain this type of information. These documents contain information such as value of the merchandise, entry numbers, consignees, and carrier names. While this may be the type of information that a business entity would not otherwise release, the government still has failed to show how and why this particular information would damage the competitive position of Texas International. Conclusory statements that this

---

[2] Document Nos. 001, 003, 006, 038, 040, 041, 043.

information would result in substantial harm are insufficient to meet the burden.  The defendant must show exactly who will be injured by the release of this information and explain the concrete injury.  Furthermore, the government has failed to show why the reliability of similarly collected information would be compromised by this release.  Absent a release of sensitive commercial information such as an IRS number, there is little reason to believe that the future reliability of the involuntarily obtained information would be reduced due to the release of the information in question.  As CBP has failed to meet its burden under <u>Nat'l Parks</u>, CBP must release all documents and redactions that it has withheld solely under the involuntary submission prong of Exemption 4.

## CONCLUSION

For the foregoing reasons, this Court reluctantly grants in part and denies in part the defendant's motion for reconsideration.  CBP may withhold the commercial information in documents 012, 013, 016, 017, 024-031; however, all other information withheld pursuant to Exemption 4 must be produced.

A separate order shall issue this date.


Signed by Royce C. Lamberth, United States District Court, October 14, 2005.